**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Dyneon LLC,**

**Plaintiff,**

**v.**

**Dupont Dow Elastomers LLC, Asahi Glass Co., Ltd., and Asahi Glass Fluoropolymers USA, Inc.,**

**Defendants.**

**Civil No. 01-211 (DWF/SRN)**

**ORDER**

---

Michael J. Kane, Esq., Wayne E. Willenberg, Esq., and Gregory A. Madera, Esq., on behalf of Plaintiff.

Richard M. Dahl, Esq. and Thomas B. Kenworthy, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on September 24, 2001, on Defendants Dupont Dow and Asahi Glass Fluoropolymers' Joint Motion to Stay, or in the Alternative, to Transfer Case (Doc. Nos. 7 & 11).

This Order addresses that Motion.

## I. DEFENDANT'S MOTION TO STAY OR TRANSFER

### A. Factual Background.

Dyneon is a Delaware company with its principal place of business in Oakdale, Minnesota. Dupont Dow Elastomers LLC (Dupont Dow) is a Delaware company with its principal place of business in Wilmington, Delaware. Asahi Glass Fluoropolymers USA,

NOV 0 2 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Inc.(Asahi USA) is a Delaware corporation with its principal place of business in Chadds, Pennsylvania (6 miles from Wilmington, Delaware). Asahi Glass Co., Ltd. (Asahi) is a Japanese corporation with its principal place of business in Tokyo, Japan.

On February 2, 2001, Plaintiff brought the present case before this Court alleging that Dupont Dow's products infringe the claims of two of Plaintiff's patents. Specifically, Plaintiff alleged that Dupont Dow infringed U.S. Patent No. 4,882,390 which is directed to a fluoroelastomer composition, and U.S. Patent No. 4,912,171 which is directed to a fluoroelastomer curing process. On July 18, 2001, Asahi, the manufacturer of the products sold by Dupont Dow, filed a complaint in the United States District Court for the District of Delaware, against Dyneon, seeking a declaratory judgment that the products in question do not infringe Dyneon's patents. On July 20, 2001, two days after the filing of this Delaware action, Plaintiff in the Minnesota case amended its complaint to add Asahi, and another of its customers, Asahi USA.

On August 6, 2001, Dupont Dow brought a motion to stay this suit under the customer-suit exception to the first-filed rule, or in the alternative, to transfer the suit to Delaware, where the declaratory judgment suit is pending. On August 29, 2001, Dyneon brought a motion to stay the Delaware action until this Court ruled on the instant motion. On October 30, 2001, the Honorable Joseph J. Farnan, Jr., granted that motion and stayed the Delaware action in favor of the present action.

**B. <u>Discussion.</u>**

"To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been

instituted in separate courts, to the party who first establishes jurisdiction." Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993). Nevertheless, an exception exists "in the context of patent litigation where the first suit is a 'customer suit' and the second suit is a declaratory judgment action between the real parties in interest." P.S.I. Nordic Track, Inc. v. Great Tan, Inc., 686 F.Supp. 738 740 (D. Minn. 1987).

"The customer suit exception typically arises when related patent infringement actions are pending in different jurisdictions, the first brought by a patent owner against the customer of a manufacturer, and the second filed as a declaratory relief action by a manufacturer against the patent owner." American Acad. of Sci. v. Novell Inc., 24 U.S.P.Q.2d 1386, 1387 (N.D. Cal. 1992). "At the root of the preference for a manufacturer's suit declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit." Codex Corp v. Milgo Elec. Corp., 553 F.2d 735, 737-38 (1st Cir. 1977).

> There may be situations, due to the prospects of recovery of damages or other reasons, in which the patentee has a special interest in proceeding against a customer himself, rather than solely as a shadow of the manufacturer, and therefore less weight should be given to the manufacturer's forum. Nor do we mean to say that the balance of convenience might not indicate that the customer suit is in the more appropriate forum . . . .

Id.

Rather than being an inflexible command, the "'customer suit' exception must be applied with due consideration of 'both judicial economy and litigants' economy, as well as entitlement of litigants to resolution of their claims.'" Dentsply Int'l, Inc. v. Kerr Mfg. Co., 734 F.Supp. 656, 659 (D. Del. 1990) quoting Kahn v. General Motors Corp., 889 F.2d 1078, 1082 (Fed. Cir.

1989). Similarly, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Emerson Elec. Co. v. Black & Decker Mfg. Co., 606 F.2d 234, 235 n.8 (8th Cir. 1979) quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936).

Defendants maintain that the Court should stay this suit in favor of the declaratory judgment action filed in the District of Delaware. Although the present suit was filed before the Delaware action, Defendants contend that this suit should qualify for the customer-suit exception to the first-filed rule. Defendants cite Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990), as standing for the proposition that "a second-filed declaratory judgment action brought by a manufacturer takes precedence over a first-filed infringement action against the manufacturer's customers."

Defendants state that under Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir, 1989), the "customer suit" exception only applies in cases where the manufacturer suit would resolve the issues involved in both suits. Defendants then explain that all of Plaintiff's claims in the present suit are compulsory counterclaims in the Delaware suit. Therefore, the Delaware suit would be capable of resolving all the issues involved in both suits. Defendants further state that Plaintiff's original pleading in the Minnesota action only asserted infringement against Dupont Dow, and Plaintiff did not add the two additional defendants until after the manufacturer suit was commenced in Delaware. In addition, Defendants state that Dupont Dow and Asahi USA have both agreed to be bound by the Delaware Court's judgment and any injunction that it might enter. Consequently, Defendants conclude that the Delaware suit would most appropriately resolve all the current issues for all of the parties, and that it should proceed

first.

In the alternative, Defendants argue that the Court should transfer this action to Delaware. They state that both Dupont Dow and Asahi USA have their principal places of business in the Wilmington, Delaware area. Further, Dupont Dow warehouses and ships its products from a facility located 20 miles outside of Wilmington, Delaware, and the pertinent witnesses and documents relating to Dupont Dow's products are located in the Wilmington area. From these facts, Defendants conclude, "to the extent that the presence of the customers is necessary for this adjudication, the convenience of parties and witnesses favors transferring this customer suit to Delaware pursuant to 28 U.S.C. § 1404."

Plaintiff responds that it would be inappropriate to stay this suit in favor of the Delaware action, and that it would also be inappropriate to transfer this suit to Delaware. Plaintiff states that the present suit was the first-filed action, and that the customer-suit exception should not apply in this instance. Plaintiff concedes that under certain circumstances there is a rebuttable presumption that the manufacturer suit should proceed first. But Plaintiff maintains that the present situation lacks the elements necessary to produce such a presumption. Citing Codex, 553 F.2d at 738, Plaintiff asserts,

> for the rebuttable presumption to apply, three factors must be satisfied. First, the manufacturer must have filed the second-action in its home forum. Second, the manufacturer's action must have been filed promptly after the customer suit was filed. Third, the first-filed action against the customer must have been filed in a jurisdiction in which the manufacturer could not be sued.

Plaintiff contends that the present situation lacks all three of these factors. First, the Delaware suit was not brought in the manufacturer's home forum, because Asahi is a Japanese corporation with its principal place of business in Tokyo, Japan. Second, Asahi failed to

promptly file its suit in Delaware, because it only filed suit five months after Plaintiff commenced the present suit. Third, Asahi is amenable to suit in Minnesota, and therefore the customer suit was not filed in a jurisdiction where the manufacturer could not be sued. As a result, Plaintiff concludes that the customer-suit exception should not apply in the present case.

With respect to promptness of filing, Plaintiff states that it did not include Asahi as a defendant at the time the suit was originally filed only because it did not know of Asahi's involvement in the infringing activities. Once it became aware of Asahi's involvement, Plaintiff states that it promptly added Asahi to the suit. Plaintiff contrasts itself with Asahi, who it claims unjustifiably waited more than five months to commence its own action. In addition, Plaintiff maintains that this suit need not be stayed in favor of the Delaware suit, because Asahi itself is controlling Dupont Dow's actions in this suit. Relying on Emerson, 606 F.2d at 234, Plaintiff contends that a manufacturer's control over the litigation of a customer suit weighs against staying the customer suit.

Plaintiff also emphasizes that it has a special interest in suing customers Dupont Dow and Asahi USA directly, rather than pursuing its claims solely against the manufacturer. Plaintiff explains that Dupont Dow was contacting Plaintiff's customers and offering to sell infringing products. Further, Plaintiff emphasizes that at least one of the patents at issue, United States Patent No. 4,912,171, is a process patent. Hence, according to Plaintiff, Dupont Dow, is more directly involved in the infringement than the manufacturer. Further, Plaintiff contends that it might be difficult to recover damages through the declaratory judgment suit in Delaware. Plaintiff concedes that both Dupont Dow and Asahi USA have agreed to be bound by the declaratory judgment. Nevertheless, Plaintiff states that Asahi, as a foreign corporation, could

make it difficult for Plaintiff to recover damages. Therefore, Plaintiff concludes that it would be more effective to allow it to pursue its damages claims directly from the two American defendants in the present suit.

With respect to transfer, Plaintiff states that Defendants have not carried their burden to justify transferring the present suit. Plaintiff explains that its research and development and sales and marketing facilities, as well as its corporate headquarters are located in Minnesota. In addition, the relevant inventors of Plaintiff's products reside in Minnesota. Therefore, Plaintiff explains, transferring the case would merely shift the convenience of the location of the litigation from Plaintiff to Defendants, and that alone can not justify transferring a case. Plaintiff explains further that there has been no showing that Delaware would be a more convenient location for the nonparty witnesses who are likely to be called in this case. Accordingly, Plaintiff concludes that Defendants can not carry the burden necessary to justify transferring this case, and consequently, this Court should proceed with the case.

The Court denies Defendants' Motion. Neither the Eighth Circuit, nor the Federal Circuit have established a formal standard by which to determine whether or not to stay a customer suit. Nevertheless, federal courts have repeatedly focused on a limited number of significant factors when faced with this situation. These factors are: (1) whether going forward with a customer suit would force a manufacturer to litigate in a forum in which it was not amenable to suit, (2) whether the manufacturer suit would be capable of resolving all the issues pending in both suits, and (3) whether the customer was a more primary party than the manufacturer. After considering each of these factors, the Court determines that it should proceed with the present action, rather than staying it in favor of the Delaware action.

The following discussion will address each of these factors.

### 1. Manufacturer's Amenability to Suit.

Asahi is clearly amenable to suit in Minnesota as a result of its extensive commercial relationship with Plaintiff.[1] Hence, proceeding with this case will not force it to litigate in a forum it would not otherwise have to enter. As a result, one of the most significant factors favoring staying the customer suit in favor of the manufacturer suit does not exist. See Codex, 553 F.2d at 738 (staying customer suit to prevent manufacturer from having to "renounce its right not to be sued in a forum where it could not have been sued for infringement"); Nordic Track, 686 F.Supp. at 741 (recognizing that plaintiff brought customer suit in Minnesota as an attempt to "make an end-run around the venue statue" which precluded it from suing manufacturer directly there).

Furthermore, it is significant that Asahi is a Japanese corporation and Delaware is not Asahi's home forum. See A.P.T., Inc. v. Quad Envtl Tech Corp, Inc., 698 F.Supp. 718, 722 (N.D. Ill. 1988) (explaining that courts "often give priority to the manufacturer's declaratory judgment to satisfy Congress' intent to allow the patent claim to be tried in the real defendant's home forum). The Court in A.P.T. recognized that under 28 U.S.C. § 1400(b) a patent infringement claim should be brought in the defendant's home forum.[2] Id. But because the manufacturer in A.P.T. had not brought its claim in its own home forum, the court concluded that

---

[1]Asahi has sold millions of dollars of goods to Dyneon under contract since 1984, and has shipped a large amount of these goods to warehouses in Minnesota.

[2]28 U.S.C. § 1400(b) provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

giving priority to the manufacturer's suit would not advance Congress' intent. Id.

The present suit presents the same situation. Staying this suit in favor of the Delaware suit will not enable Asahi to try these patent issues in its home forum. The Court acknowledges Defendants' argument that the customer-suit exception can not require that the manufacturer's suit be filed in its home forum, because such a requirement would effectively deny all foreign corporations the benefit of this doctrine. However, Asahi's amenability to suit in Minnesota, combined with the fact that Delaware is not Asahi's home forum, suggest that Minnesota is the appropriate forum, and weigh in favor of adhering to the first-filed rule in this case.

As a final note, the Court observes that Asahi did not bring its declaratory judgment action until five months after Plaintiff commenced the present suit. Although courts have not required declaratory judgment suits to follow customer suits instantaneously, they have still considered the promptness with which those actions were brought. Specifically, at least one court reasoned from a manufacturer's five-month delay before filing its declaratory judgment action and moving to stay the customer suit, that the customer suit must not have threatened the manufacturer with undue hardship. See Dentsply, 734 F.Supp. at 659 (refusing to stay customer suit in part because it would elevate manufacturer's "failure to address its concerns in a timely fashion to an example of hardship warranting a stay").

In short, proceeding with the present suit will not force Asahi to litigate in a forum in which it is not amenable to suit, will not deprive it of its home forum, and will not cause it undue hardship. Consequently, it is not appropriate to stay the present suit in favor of the Delaware suit.

**2. Complete Resolution of Pending Issues.**

Because Plaintiff has joined all the parties in the present suit, it will be capable of resolving all of the relevant issues with regard to customers and manufacturers. The Court acknowledges that Plaintiff's claims in the present case are also compulsory counterclaims in the Delaware case, and hence, the Delaware action could be capable of resolving the issues of both lawsuits. Further, Defendants correctly note that manufacturers' suits have been favored in instances where they would be capable of resolving all of the pending issues of both cases. However, in such cases, the customer suit itself was not capable of resolving all of the issues in both cases. See Codex, 553 F.2d at 738 (staying customer suit where manufacturer was not a party to customer suit); Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir, 1990) (staying customers' suit in which manufacturer was not a party because their prosecution would likely be advanced or mooted by the outcome of the manufacturer suit).

Therefore, while Dupont Dow and Asahi USA have agreed to be bound by the Delaware action, this fact is less significant given that all parties are now joined in the present suit, and as such, will be bound by its resolution. Therefore, proceeding with the present suit will allow both courts to avoid duplicative litigation and will conserve judicial resources more effectively than staying it in favor of the Delaware suit.

**3. Primary Parties.**

Courts have declined to apply the customer-suit exception in instances where a customer played a more primary role in the alleged patent infringement than the manufacturer. See e.g. Emerson, 606 F.2d at 241-42 (finding that plaintiff had a specific interest in suing customer directly rather than manufacturer in declaratory judgment action, because customer indicated it

would sell additional infringing products from other manufacturers not present in either suit); Dentsply, 734 F.Supp. at 660 (recognizing that plaintiff had particular interest in suing customer directly, where customer was sole vendor of allegedly infringing product). There is no indication that Dupont Dow is the sole vendor of Asahi's products, nor does the record indicate that Dupont Dow or Asahi USA intend to market other infringing products. But because all of the parties are now joined in the present suit, this is a moot point. Whichever parties are truly most in opposition will have the opportunity to make their claims in the present suit.

**4. Transfer.**

The Court denies Defendants' motion with respect to transfer. Plaintiff's corporate headquarters and other relevant business facilities and personnel are all located in Minnesota. Further, there has been no showing that Delaware would be a more convenient location for nonparty witnesses. Therefore, transferring the present case would merely shift the convenience of litigation from Plaintiff to Defendants. Plaintiff correctly asserts that this situation can not overcome the presumption in favor of a plaintiff's choice of forum. See Janel Russell Designs, Inc. v. Mendelson & Assoc., Inc., 114 F.Supp.2d 856, 862 (D. Minn. 2000) citing Hoppe v. G.D. Searle & Co., 683 F.Supp. 1271, 1276 (D. Minn. 1988).

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendants Dupont Dow and Asahi Glass Fluoropolymers' Joint Motion to Stay, or in the Alternative, to Transfer Case (Doc. Nos. 7 & 11) is **DENIED**:

Dated: November 2, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge